HART v. THOMPSON et al.

(Supreme Court, Appellate Division, First Department. April 7, 1899.)

1. APPEAL AND ERROR—CONTRACTS—CONSTRUCTION.

A decision on a prior appeal, as to the effect of evidence, is controlling on a subsequent appeal.

2. CONTRACTS—EVIDENCE—SUFFICIENCY.

In an action for breach of contract of employment as an actor, defendant denied that the contract was for a definite period, and showed a custom in the profession, where no definite employment was made, to give notice of intention to terminate it; that a notice was sent plaintiff, and, before opening the envelope, he said, "Ah, there's my notice!" that, after he entered the employment, defendant asked him if he would demand an increase in salary, and he replied, "Not until you are satisfied to do it." *Held* sufficient to show that there was no contract for a definite period.

Appeal from judgment on report of referee.

Action by John Hart against Denman Thompson and another. From a judgment for defendants on the report of a referee, plaintiff appeals. Affirmed.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

William Sulzer, for appellant.

John T. Easton, for respondents.

McLAUGHLIN, J.    This action was brought to recover damages for an alleged breach of a contract of employment.    The plaintiff claimed that between the 17th of February, 1888, and the 15th of August of the same year, he entered into a contract with the defendants to perform certain services for them in playing, as a professional actor, a part or character in a play called the "Two Sisters," for a period of 42 weeks, at the agreed salary of $75 per week.    The defendants denied the making of the contract, and alleged that the plaintiff was not engaged for any definite period, and that they had the right to terminate his employment by giving two weeks' notice of their intention so to do, which notice was given, and the contract thereby terminated.    The action has been twice tried.    Upon the first trial the plaintiff recovered a judgment, which was reversed by this court (10 App. Div. 183, 41 N. Y. Supp. 909), and a new trial ordered. Upon the second trial the complaint was dismissed, and judgment entered to that effect, from which the plaintiff appealed.

A careful consideration of the record before us shows that the evidence introduced on the part of the plaintiff was substantially the same as on the first trial, and is not in any material respect different from that presented to, and reviewed by, this court upon the former appeal.    On the trial under review, as on the former one, the plaintiff based his right to recover upon a contract the existence of which he alleged was shown by certain letters written to him by the defendant Ryer, and his replies thereto.    But on the former appeal this court held that this evidence did not show the existence of a contract of employment for a definite period.    Mr. Justice Ingraham, in delivering the opinion of the court, said:

"As before stated, there was no express proposition to engage the plaintiff for any particular time.    In neither of the letters does the defendant Ryer say that they will retain the plaintiff in the position offered to him for the season, or for 40 weeks, or for any other time.    The defendant's letter stated that the piece had been accepted, and would be produced at the Fourteenth Street Theater for a run; but that certainly does not mean, upon its face, that the run would last for any particular number of weeks, nor could that be construed into a covenant that the plaintiff would be employed for this season in New York.    In speaking of the engagement, the defendant subsequently says that if he [the plaintiff] accepted this employment he would likely have as pleasant a season, or many of them, as he had ever had, and that surely a season at home would be of some value to him.    This language cannot be construed into meaning that the term of employment, if accepted by the plaintiff, would be for the whole season of 40 weeks.    The most that could be said is that there was ambiguity as to the time for which the employment was to last."

The conclusion then reached by the court is binding upon us, and its decision as to the effect to be given to this evidence is controlling upon this appeal.

We are also of the opinion that other evidence introduced on the last trial justifies the conclusion of the referee that a contract of employment for a definite period was not made by the parties.    The evidence shows that there was a custom at the time in the theatrical profession, where no definite contract of employment has been made, to give on the one part, and accept on the other, a notice of two weeks to terminate an employment; and that, in pursuance of such

custom, notice was given to the plaintiff, and when he received it, and before he opened the envelope in which it was inclosed, he said, "Ah, there's my notice!" It also appeared from the plaintiff's own testimony that he did not consider, certainly so far as salary was concerned, that he had a contract for a definite time; for he testified that, after he entered the employment of the defendants, one of them asked him if he intended to demand an increase of salary, and he replied, "Not until you are satisfied to do it."

The evidence is ample to sustain the findings of the referee, and we are satisfied that the conclusion reached by him is correct. Therefore the judgment must be affirmed, with costs to the respondents. All concur.